IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BERNITA TAYLOR-HICKS**                                                                                    **PLAINTIFF**

v.                                                                              CIVIL ACTION NO. 3:25-cv-419-HTW-LGI

**FRAYSER QUALITY, LLC., et al.**                                                                   **DEFENDANTS**

---

### ORDER

---

BEFORE THE COURT is the Objection to Removal and Motion to Remand **[Doc. 5]**, filed by the Plaintiff, Bernita Taylor-Hicks ("Plaintiff"). Defendant Frayser Quality, LLC ("Frayser Quality" or "Defendant") opposes the motion [Docs. 8,9]. Having considered the parties' submissions, the record, and relevant legal authorities, this court finds as follows:

### I.  BACKGROUND

Plaintiff, a Mississippi citizen, initiated this slip-and-fall action on January 21, 2025, in the Circuit Court of the First Judicial District of Hinds County, Mississippi ("state court"). Plaintiff alleges that on July 23, 2023, she sustained bodily injuries after slipping on a wet floor in a bathroom on the Defendant's premises. Defendant, a limited liability company, is a Tennessee citizen. As a result of the Defendant's alleged negligence, Plaintiff seeks damages for medical expenses, physical pain and suffering, emotional distress, and lost wages.

On March 27, 2025, the state court entered an Agreed Order [Doc. 5-1] substituting Frayser Quality as the proper party-in-interest and dismissing the originally named defendants[1]. On April 24, 2025, Plaintiff submitted discovery requests to the Defendant seeking to identify employees present on the date of the incident and those responsible for maintenance.

To ascertain the amount in controversy, Defendant propounded Requests for Admission. On May 12, 2025, Plaintiff provided responses wherein she explicitly refused to admit that the value of her claims does not exceed $75,000 [Doc. 1-2, RFA 1]. She further refused to admit she would not seek or accept a verdict in excess of $75,000 [Doc 102, RFA 2]. Upon receiving Plaintiff's responses, on June 10, 2025, Frayser Quality removed the case to this court, asserting diversity jurisdiction [Doc. 1]. Plaintiff moved to remand on July 7, 2025 [Doc. 5].

## II.   DISCUSSION

### A.  Timeliness of Removal

Under 28 U.S.C. § 1446(b)[2], a defendant must file a notice of removal within thirty (30) days of receiving the initial pleading; however, if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty (30) days after receipt by the defendant of a copy of an "amended pleading, motion, order or other paper" from which it may first be

---

[1] The Original Complaint lists as defendants the following: (1) Carrols Corporation d/b/a Carrols MS Corporation d/b/a Popeyes Louisiana Kitchen; (2) Carrols LLC d/b/a Popeyes Louisiana Kitchen; (3) Carrols Restaurant Group, LLC d/b/a Carrols Restaurant Group, Inc. d/b/a Carrols Holdco Inc. d/b/a Popeyes Louisiana Kitchen; and (4) John Does 1-5. *See Doc. 5-1*.

[2] **28 U.S.C. § 1446(b)(1):** "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

ascertained that the case is or has become removable.[3]

In the Fifth Circuit, this thirty-day clock for removal under the first paragraph of § 1446(b) is triggered only when the initial pleading "affirmatively reveals on its face" that the plaintiff is seeking damages in excess of the jurisdictional minimum.[4] *See Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002). Plaintiff's original Complaint did not state a specific amount of damages; therefore, the case was not initially removable.

This court finds that Defendant's receipt of Plaintiff's discovery responses on May 12, 2025, constitutes "other paper" under § 1446(b)(3). The Fifth Circuit has explicitly held that "responses to request for admissions" and "discovery responses" qualify as "other paper" that can trigger the thirty-day removal period. *See Cole v. Knowledge Learning Corp.*, 416 F. App'x 437, 440 (5th Cir. 2011). Defendant filed its Notice of Removal on June 10, 2025, exactly twenty-nine (29) days after receiving the responses; therefore, the removal was timely

**B. Amount in Controversy**

To establish diversity subject matter jurisdiction under 28 U.S.C. § 1332[5], the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds

---

[3] **28 U.S.C. § 1446(b)(3):** "Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

[4] **28 U.S.C. § 1446(c)(2):** "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—(A) the notice of removal may assert the amount in controversy if the initial pleading seeks—(i) nonmonetary relief; or (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded..."

[5] **28 U.S.C. § 1332(a):** "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States..."

$75,000, exclusive of interest and costs. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000). When a plaintiff fails to state a specific damage amount, the defendant may satisfy this burden by showing it is "facially apparent" from the complaint that the claims likely exceed $75,000, or by setting forth "summary judgment-type evidence" of facts in controversy[6]. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

In the present case, Plaintiff's refusal to admit that her damages would not exceed $75,000, combined with her allegations of "serious bodily injuries," "permanent disability," and "lost wages," provides sufficient evidence to meet the jurisdictional threshold. This court previously has held that a plaintiff's "failure to admit she will not accept more than $75,000 in damages" is a significant factor in establishing the amount in controversy. *See, e.g., Cartwright v. State Farm Mut. Auto. Ins. Co.,* No. 4:14-CV-00057-GHD, 2014 WL 6959045, at *4 (N.D. Miss. Dec. 8, 2014).

This court, furthermore, rejects Plaintiff's attempt to use post-removal interrogatory responses to defeat jurisdiction. The Fifth Circuit follows the "time-of-removal" rule, which states: "If the right to remove has once become perfected, it cannot be taken away by any subsequent amendment of the pleadings or by a voluntary dismissal of part of the cause of action." *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). Jurisdiction attached at the moment of removal based on the evidence then available, Plaintiff's subsequent clarifications, therefore, cannot force a remand.

---

[6] **28 U.S.C. § 1446(c)(2)(B):** "[R]emoval of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)."

### C. Citizenship and John Doe Defendants

Plaintiff's argument regarding the potential diversity-destroying citizenship of "John Doe" defendants is legally meritless. For the purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1)[7]. Consequently, the presence of John Does 1-5 does not affect the complete diversity existing between Plaintiff (a Mississippi citizen) and Frayser Quality (a Tennessee citizen).

### III. CONCLUSION

This court finds that Defendant timely removed this action after ascertaining the amount in controversy. Plaintiff's subsequent attempts to limit damages do not override the jurisdictional facts present at the time of removal.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand is **DENIED**.

**SO ORDERED**, this the 2nd day of March, 2026.

/s/HENRY T. WINGATE
**UNITED STATES DISTRICT COURT JUDGE**

---

[7] **28 U.S.C. § 1441(b)(1):** "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."